Birchard, J.
We should not think that the court erred in permitting the substance of Hackett’s statements to be given in evidence, although the witness was unable to give the precise words, and in leaving the credit of the narration and the weight of the-evidence to the jury, were there no other objections. The deceased alluded to both statements at the time, and, by reaffirming them, he made them as much his dying declarations as if he had then repeated them at length. The substantial objection to the-proof, is, that it was received without a preliminary inquiry by the court, establishing the fact that the deceased not only made the declarations just before death, and while in extremis, but also-that he was conscious of his true condition. It is this consciousness, coupled with the condition of the party, which supplies the place of an oath, and peculiarly distinguishes dying declarations from hearsay. In omitting *this inquiry, a majority of the court believe there was error, and that, for that cause alone, new trial should be awarded.
In the charge to the jury the court said, “that intention to kill was not a necessary ingredient in manslaughter, arising from a-sudden quarrel; ” and this is assigned for error. We are all of opinion that in this there was no error. The point, however, is-urged with much ability, and it is claimed to have been twice decided by this court upon the circuit, to wit, in the State v. Turner, Wright, 27; and State v. Town, Wright, 76. Those were cases of murder in which this question was not necessarily made. From the recollection of one member of this court, before whom the: *364 causes were tried, we are inclined to believe that they are so reported, as, on this point, to give an erroneous impression of the actual opinion of the court. That the crime of manslaughter may be committed by an intentional killing, upon a sudden quarrel, is not doubted; but that in all cases this precise intent must exist is what we are unprepared to admit. The statute provides for the punishment of one “who shall unlawfully kill another, without malice, upon a sudden quarrel,” and declares he shall be deemed guilty of manslaughter. Swan’s Stat. 228. Is it not clear if one strike another with a dangerous and unlawful weapon, upon a sudden quarrel, or beat him in a cruel and vindictive manner, so that death ensues, although there was no specific intent to produce death, that the crime would be manslaughter? If so, an intent to kill is not a necessary ingredient of manslaughter under this clause of the statute. Again, the court were asked to charge that the jury were judges of the law and facts. The court refused to instruct in this form ; but said the jury had the power, and, if ■they chose to exert it, the right to determine all questions of law and fact, so far as to acquit, and, if they did so, there was no power to correct any error committed by them in such acquittal, and that they were not exclusive judges of both law and fact, as a general rule, in criminal prosecutions; for, if they found the accused guilty, and it turned out that their finding was illegal, they bad no power, but the court had, to set aside thoir verdict and grant a new *trial. In this refusal to instruct, as requested, and in the instruction given, it is alleged there was error. It does not, however, appear to us that there was anything erroneous which could prejudice the rights of the plaintiff. We are aware that in some parts of the state, an opinion prevails that in all criminal trials the jury have a right, independent of the directions of court, to determine as well the law of a case as the facts.
By the last clause of section 6 of article 8 of the constitution of this state, it is declared that “in all indictments for libels, the jury shall have the right to determine the law and the facts, under the direction of the court, as in other cases.” It would seem, from this, that the framers of our bill of rights did not imagine that juries were rightfully judges of law and fact in criminal cases, independently of the directions of courts. Their right to judge ■of the law, is a right to be exercised only under the direction of the court; and, if they go aside from that direction, and deter *365 mine the law incorrectly, they depart from their duty, and commit a public wrong; and this in criminal, as well as in civil cases.†
As the court erred in admitting the declarations of Haekett, without the necessary preliminary proof, a new trial must be awarded. Remanded for new trial.

 The jury are the judges of the facts, both in civil and criminal cases, but they are not, in either, the judges of the law. They are bound to find the law as it is propounded to them by the court. They may, indeed, find a general verdict, including both the law and the facts, but if, in such verdict, they find the law contrary to the instructions of the court, they thereby violate-their oath. Townsend v. The State, 2 Blackf. 151.